UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JUANITA A. BELVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-01519-SGC |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION[1]

Plaintiff Juanita A. Belvin initiated this lawsuit against Wal-Mart Stores East, L.P., in the Circuit Court of Marshall County, Alabama, asserting four causes of action arising out of her fall at a Walmart in Boaz, Alabama: negligence, recklessness and wantonness, premises liability, and respondeat superior and agency. (Doc. 1-2).[2,3] Walmart timely removed the action, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Presently pending is Walmart's motion for summary judgment. (Docs. 19-22). Belvin has not responded

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 8).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

[3] Although the docket sheet identifies the defendant as "Wal-Mart Stores East, L.P.," the defendant identifies as "Walmart" throughout its brief. Accordingly, the court will refer to the defendant as "Walmart."

to Walmart's motion, and the 21-day response period set by this court's initial order has expired. (Doc. 9 at 5). Accordingly, this matter is ripe for adjudication.

For the reasons stated below, Walmart has not demonstrated the facts surrounding Belvin's fall are undisputed. Therefore, its motion for summary judgment will be denied as to Counts I-III. As to Count IV, the court concludes summary judgment is appropriate on grounds not raised by the parties; however, per Federal Rule of Civil Procedure 56(c)(1), Belvin will be given an opportunity to object before summary judgment is entered against her on Count IV.

## I. Standard of Review

Under Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, the non-moving party must go beyond the pleadings and by his own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Id.* All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

Where, as here, a federal district court has diversity jurisdiction over state law claims, the court must apply the substantive law of the forum state. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Consequently, substantive Alabama law applies to Belvin's claims. However, the procedural aspects of the case, including those that relate to whether evidence is legally sufficient to submit an issue to a jury, is a question of federal law. *Harrell v. Wal-Mart Stores E., LP*, No. 2:22-CV-0643-JHE, 2024 WL 1199691 (N.D. Ala. Mar. 20, 2024).

Finally, the court cannot grant an unopposed motion for summary judgment on that basis alone because the court must review the motion and supporting materials to determine whether the moving party has established the absence of a genuine issue of material fact. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). This court must address the merits of the motion to permit an effective review of the case on appeal. *Id.*

## II. Undisputed Material Facts[4]

On November 5, 2020, Belvin was shopping at Walmart, located at 1972 Highway 31 in Boaz, Alabama. (Doc. 21-3 at 5). In support of its motion for summary judgment, Walmart submitted two surveillance videos that show the following sequence of events occurred over approximately four minutes:

- At around 11:16 that morning, another customer, along with two children, was shopping in the produce department (the court will refer to this unidentified customer as "Doe"). (Produce Aisle Video at 6:30).[5]

---

[4] Because Belvin did not respond to the defendants' summary judgment motion, the facts identified by Walmart as undisputed may be deemed admitted. *See Moore v. Jimmy Dean / Sara Lee Foods, Inc.*, No. CV 06-S-1216-NW, 2007 WL 9711997, at *1 (N.D. Ala. May 11, 2007) (holding that by failing to respond to defendant's motion for summary judgment, pro se plaintiff was deemed to have admitted each of defendant's allegations of undisputed fact). Nevertheless, the undersigned has confirmed these facts are supported by the evidence of record, viewing that evidence in the light most favorable to Belvin, as the non-movant, and giving Belvin the benefit of reasonable inferences. *See id.* (doing the same); *One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101–02 (holding district court cannot grant summary judgment by default but, rather, must consider whether motion is supported by evidence and otherwise meritorious). The court will note where Walmart did not properly establish a fact.

[5] The surveillance videos include Exhibit F, video of the "Action Alley," and Exhibit G, video of the Produce Aisle. Citation to the video evidence refers to the camera from which the footage

- At 11:16:37 a.m., Doe picked up an item from the produce department and handed it to one of the children, who was sitting in a shopping cart pushed by Doe. (*Id.* at 6:40-7:00). Walmart contends Doe handed the child a bag of green grapes (Doc. 20 at 4), but this is not evident from the surveillance video, and there is no affidavit or other evidence in the record to confirm this.

- At 11:17:28 a.m., a Walmart employee walked through the right side of the department where Belvin ultimately fell, identified as the "Action Alley" in Walmart's surveillance video. (Action Alley Video at 57:32). The Action Alley is an aisle that appears to be perpendicular to the grocery aisles with multiple shelves and displays. (*Id.*). Customers can walk down either side of the Action Alley and between displays. (*Id.*).

- At 11:19:00 a.m., Doe and the children walked through the left side of the Action Alley. (*Id.* at 59:05-59:15).

- At 11:20:00 a.m., a Walmart employee walked through the right side of the Action Alley. (*Id.* at 1:00:05-1:00:11).

- At 11:20:08 a.m., as Belvin walked through the left side of the Action Alley, she fell. (*Id.* at 1:00:11-1:00:20).

Walmart contends Belvin fell on a single green grape. (Doc. 20 at 5). The video is not crisp enough to identify whether any object was on the floor. (*Id.*). Belvin did not see any grapes on the floor, but someone told her she had fallen on a grape. (Doc. 21-3 at 6). Belvin's sister Sonia took a picture of the grape, which appears crushed. (*Id.*; Doc. 21-5). Belvin did not identify any other substance on the floor, such as a puddle of water, that might have caused her fall. (Doc. 21-3). The fall injured Belvin. (Doc. 21-3 at 8).

---

came, the timestamp during the relevant portion of video, and—where helpful—the physical location of the camera. Thus, a citation to "(Action Alley Video at 6:00)" refers to the six-minute mark of the video from Exhibit G, the Action Alley.

Walmart trains its employees to identify and remove potentially hazardous items, such as produce, on the ground. (Doc. 21-4 at 4). It also announces hourly "safety sweeps" where employees walk through departments to ensure no debris or spills are on the ground. (*Id.*).

In its narrative of undisputed facts, Walmart stated that its store employees were not aware of a green grape on the ground in the area of the incident. (Doc. 20 at 5). However, Walmart did not identify or provide any testimony from the employees who walked through the incident area, instead citing its Answer to the Complaint as evidence to support this fact. Walmart also asserted that it was unaware of anyone else slipping and falling in the area of the incident before Belvin fell. (Doc. 20 at 5). However, it did not provide a direct citation for this claim, instead citing a deposition in its entirety.[6]

## III.   Analysis

Walmart argues it is entitled to summary judgment because (1) it neither knew nor should have known the green grape was on the ground and (2) it maintains policies and procedures to keep its premises clear of hazardous conditions. Here, Walmart has established that it regularly monitors its stores for hazards. Because Belvin has not refuted those facts, the court accepts them as true. *See Moore*, 2007

---

[6] *See* Initial Order, Doc. 9 at 7 ("A specific reference must include the exhibit number, page, and when appropriate, line number.").

WL 9711997, at *1. The issues of actual or constructive notice, however, have not been established as undisputed. Nor has Walmart established that none of its employees were responsible for the errant grape.

### A. Counts I and III - Negligence and Premises Liability[7]

"The elements of negligence in a premises liability case in Alabama 'are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Harrell*, 2024 WL 1199691 at *3. Here, Walmart does not dispute that Belvin was a business invitee at its Boaz store. As the premises owner, Walmart owed to Belvin the "'duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to [Walmart] but that are hidden or unknown to [Belvin].'" *Id.* (quoting *Byrne v. Fisk*, 385 So. 3d 973 (Ala. 2023)). Nevertheless, "'[t]he owner of a premises . . . is not an insurer of the safety of his invitees . . . and the principle of *res ipsa loquitur* is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.'" *Id.* (quoting *Ex parte City of Muscle Shoals*, 257 So. 3d 850, 857 n.2 (Ala. 2018)).

Because Walmart's liability rests upon its superior knowledge of hazards on its premises, to establish a breach of duty owed, Belvin generally must show

---

[7] These appear to be the same claim; the court did not locate any Alabama state law recognizing a distinct claim for premises liability. To the extent Belvin disagrees, her counsel may provide the court with the relevant authority at the pretrial conference.

Walmart either: (1) had actual notice of the hazard that allegedly caused the injury or (2) had constructive notice of it—in other words, Walmart should have discovered it in the exercise of reasonable care. *See id.* (citing *Edwards v. Intergraph Servs. Co.*, 4 So. 3d 495, 502 (Ala. Civ. App. 2008)).

Walmart argues it is not liable for Belvin's fall because she cannot make either of these showings. As the party seeking summary judgment, however, Walmart must first show it is undisputed that it did not have actual or constructive notice of the grape. Walmart can do this in one of three ways: (1) it can show the dangerous condition did not exist for enough time to impute constructive notice to it; (2) it can show it did not have actual notice of the dangerous condition; or (3) it can show it was not delinquent in discovering and resolving the dangerous condition. *See Nobles v. Wal-Mart Stores Inc.*, 702 F. Supp. 3d 1198 (N.D. Ala. 2023) at *3 (citing *Maddox By & Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990)). An invitor may be delinquent where it, or one of its employees, created the hazard or if its inspection procedures are inadequate or were performed inadequately on the day of the invitee's fall. *Id.*

As stated above, Walmart has established it has procedures to monitor its store for potential hazards. Because Belvin has not disputed this, the court accepts it as true. *See Moore*, 2007 WL 9711997, at *1. However, Walmart asserts, but does not provide evidence, that it had no actual or constructive notice. Nor has it submitted

8

any evidence that its employees did not create the hazard or that they performed their inspection procedures on the day of Belvin's fall. Walmart did not identify or provide any testimony from the employees who walked through the Action Alley on the day of Belvin's fall. Instead, Walmart refers to its Answer to support its contention that store employees were unaware of a green grape on the ground in the Action Alley. This is insufficient to establish a fact as undisputed. *See* Fed. R. Civ. P. 56(c)(1) (a party must support a factual position by citing to particular parts of material in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials). Walmart's Answer, which is not verified, is a qualitatively different type of document than the evidentiary material listed in Rule 56(c)(1), and the court declines to find it establishes a fact as undisputed.

Further, Walmart has not established the unknown child possessed a bag of grapes or dropped a grape. Thus, it has not established when the grape fell to the ground. Walmart, which states the child "is <u>believed</u> to have dropped the grape" approximately one minute before Belvin fell, contends one minute is an insufficient amount of time to put Walmart on notice of the errant grape. (Doc. 20 at 3) (emphasis added). Absent some other fact, the court agrees one minute would not be enough time to put a business on constructive notice of a hazard's existence. Walmart's argument about constructive notice, however, treats its "belief" as an undisputed

fact. (Doc. 20 at 9). While it may be entirely reasonable to draw this inference from the surveillance videos, doing so construes the evidence in the light most favorable to Walmart, the movant, instead of in the light most favorable to Belvin, the nonmovant. Here, there is no evidence—apart from Walmart's speculation—establishing when the grape fell to the floor in the Action Alley. Accordingly, Walmart has failed to meet its initial burden to establish there is no genuine issue of material fact regarding constructive notice.

     Walmart cites *Scott v. Walmart Stores, Inc.*, No. 3:21-CV-742-ECM, 2022 WL 16927790 (M.D. Ala. Nov. 14, 2022), in which the "entire incident was clearly recorded on a surveillance video" that showed a grape fell to the floor just thirteen minutes before the plaintiff fell on it. *Id.* at *2. Here, however, the videos do not show when the grape appeared on the ground. Instead, this case more closely resembles *Cook v. Wal-Mart Stores, Inc.*, 795 F. Supp. 2d 1269 (M.D. Ala. 2011). There, the plaintiff slipped and fell on a banana in Walmart's parking lot. *Id.* at 1272. As it does here, Walmart argued it was entitled to summary judgment because there was no genuine issue of material fact that it had actual or constructive notice of the banana or otherwise acted delinquently in failing to discover and remove it. The witnesses all agreed they knew of no evidence suggesting Walmart knew of the banana, and the record contained no evidence that Walmart otherwise acted delinquently. Instead, resolution of the motion turned on whether the banana had

been in the parking lot for a sufficient length of time to impute constructive notice to Walmart. *Id.* at 1273. The only evidence about the amount of time the banana had been in the parking lot was testimony concerning the condition of the banana after the plaintiff slipped on it. *Id.* at 1274. It was described by the various witnesses as black, rotten, squashed, smashed-up, yellow and black, and already smashed. *Id.* The court cited *Cash v. Winn Dixie of Montgomery*, in which the Alabama Supreme Court held that

> it is permissible to allow a jury to infer the length of time from the nature and condition of the substance. This has been allowed where the substance is dirty, crumpled, mashed, or has some other characteristic which makes it reasonable to infer that the substance has been on the [ground] long enough to raise a duty on the defendant to discover and remove it.

*Id.* (citing 418 So. 2d 874, 876 (Ala. 1982)). Given the rule articulated in *Cash*, the *Cook* court found there was a triable issue of constructive notice, even though it doubted the claims would survive a Rule 50 motion for judgment as a matter of law. *Id.* at 1275.

As in *Cook*, at trial, Belvin must present some evidence to show Walmart had actual or constructive notice of the grape. Based on the materials Walmart submitted, Belvin's claim may not survive a Rule 50 motion for judgment as a matter of law. Nevertheless, in the current posture, Walmart must establish there is no genuine issue of material fact as to notice. Because Walmart has not done so, it is necessary to proceed to trial on Belvin's claims for negligence and premises liability.

## B.     Count II – Recklessness and Wantonness

Alabama law defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3). As explained by the Alabama Pattern Jury Instructions, a defendant's conduct is wanton if he "consciously acts or fails to act with a reckless or conscious disregard of the rights or safety of others, and [ ] is aware that harm will likely or probably result." 2 Ala. Pattern Jury Instr. Civ. § 29.00 (3d ed.). As explained by the Alabama Supreme Court:

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury.

*Carter v. Treadway Trucking, Inc.*, 611 So. 2d 1034, 1035 (Ala. 1992) (quotation marks omitted) (*overruled on other grounds by Robertson v. Gaddy Electrical and Plumbing, LLC*, 53 So. 3d 75 (Ala. 2010)).

Walmart does not separately address the question of wantonness. Instead, it appears to rely on its arguments that it has established as undisputed fact that it had no actual or constructive notice of the grape. For the reasons explained above, Walmart has not established these issues as undisputed, and so its motion for summary judgment will be denied as to Count II. As also explained above, at trial,

Belvin must put forth some evidence of wantonness to survive a motion for judgment as a matter of law.

### C. Count IV – *Respondeat Superior* and Agency

Like with Count II, Walmart does not directly address Count IV, instead arguing Belvin's claims fail substantively. Nevertheless, Count IV is due to be dismissed as a matter of law because Alabama does not recognize a standalone cause of action for *respondeat superior*. Instead, *respondeat superior* is a doctrine under which a plaintiff may recover against an employer defendant for an employee's negligent or wanton conduct when the employee was acting within the scope of his or her employment. *Pickens v. Guy's Logging Co.*, No. 7:16-CV-01742-JHE, 2018 WL 3732686, at *3 (N.D. Ala. Aug. 6, 2018). While the *respondeat superior* doctrine could potentially extend liability for some employee's actions to Walmart, Belvin cannot assert a standalone claim for *respondeat superior*.

Belvin may object to this conclusion within 14 days of the date of entry of this Memorandum Opinion. *See* Fed. R. Civ. P. 56(f) (a court may enter judgment on grounds not raised by a party after giving notice and a reasonable time to respond). If she does not file a timely objection citing Alabama authority recognizing an independent cause of action for *respondeat superior* and agency, the court will enter summary judgment in favor of Walmart on Count IV.

## IV. Conclusion

For the foregoing reasons, genuine issues of material fact exist regarding the question of notice. Therefore, Walmart's motion for summary judgment is **DENIED** with respect to Counts I-III. (Doc. 19). The court has concluded Walmart is entitled to summary judgment on Count IV. To the extent Belvin can provide the court with authority to the contrary, she must do so within **14 days** of the date of this order. If she does not do so, or if she notifies the court she does not object, the court will enter summary judgment in favor of Walmart on Count IV.

**DONE** this 20th day of September, 2024.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE